[Civ. No. 37576. Second Dist., Div. Four. July 12, 1971.]

JAMES A. KELLY et al., Plaintiffs and Appellants, v.
UNITED FINANCIAL CORPORATION OF CALIFORNIA et al.,
Defendants and Respondents.

**COUNSEL**

Cooney & Cooney and Harold Ephraim Hanson for Plaintiffs and Appellants.

Swerdlow, Glikbarg & Shimer and Richard H. Floum for Defendants and Respondents.

**OPINION**

**KINGSLEY, J.**—Plaintiffs were the sole officers and shareholders of Krim Construction Company (hereinafter "Krim"). To finance a student housing project in Isla Vista, California, Krim entered into a "take-out" agreement with United. This written agreement provided that, upon certain conditions to be met by Krim, United would loan Krim $950,000 by April 18, 1964. On November 25, 1964, United extended its commitment until November 30, 1965. The loans were not made and plaintiffs claim damages in the amount of $28,500—being the amounts paid by Krim to induce the making of the "take-out" contracts and its extension.

On October 1, 1965, a proceeding by Krim for corporate reorganization under Chapter X of the Bankruptcy Act was initiated. The petition was thereafter approved by the federal district court.[1] On June 5, 1968,

---

[1]The record does not show the exact date of the approval; presumably it was within a day or two after the filing (see § 141 of ch. X [11 U.S.C. § 541]). In view

Krim was ordered to be adjudicated a bankrupt. On February 27, 1970, the trustee in bankruptcy assigned Krim's alleged claim to appellants. Suit was brought on this claim on April 8, 1970. After extended oral argument, the court held that appellants' claim was barred by the four-year statute of limitations on written contracts in California. (Code Civ. Proc., § 337.) The demurrer of defendants was sustained without leave to amend and a formal judgment of dismissal was entered, from which plaintiffs have appealed. We affirm the judgment.

It is admitted that the California law barred plaintiffs' action unless the California statute of limitations was tolled by the provisions of the federal Bankruptcy Act.

■ Plaintiffs rely on section 11(e)[2] of the Bankruptcy Act, and authorities applying that section, to support their argument that their claim, derived from assignment from the trustee, was not barred by the California statute of limitations. Section 11(e) provides in relevant part: "A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

The parties agree that the controlling issue is the meaning of "the date of adjudication" in the above statute. To determine that semantical issue, we turn first to sections 527 and 528 as found in Chapter X of the Bankruptcy Act.[3] Those sections read as follows: "§ 527. A petition [under Chapter X] may be filed in a pending bankruptcy proceeding either before or after the adjudication of a corporation.

"§ 528. If no bankruptcy proceeding is pending, an original petition may be filed with the court in whose territorial jurisdiction the corporation has had its principal place of business or its principal assets for the preceding six months or for a longer portion of the preceding six months than in any other jurisdiction." We next turn to sections 102 and 238 as they appear in Chapter X. Section 102[4] provides: "The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply in proceedings under this chapter [Chapter X]: *Provided, however,* That section 46, subdivisions (h) and (n) of section 93, section 104, and sub-

---

of the issues herein involved, the exact date is not material; the parties have treated the case as though the petition was approved on the date it was filed; we do the same.

[2] 11 U.S.C. section 29(e).

[3] Sections 127 and 128 in Chapter X of the Bankruptcy Act.

[4] 11 U.S.C. section 502. Section 11 appears in chapter 3; section 102 therefore governs section 11(e) quoted above.

division (f) of section 110 of this title, shall not apply in such proceedings unless an order shall be entered directing that bankruptcy be proceeded with pursuant to the provisions of chapters 1 to 7, inclusive. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors', and 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter. *For the purposes of such application the date of the filing of the petition in bankruptcy shall be taken to be the date of the filing of an original petition under section 528 of this title, and the date of adjudication shall be taken to be the date of approval of a petition filed under section 527 or 528 of this title except where an adjudication had previously been entered."* (Italics added.)

Subdivision (a) of section 238[5] provides as follows: "(a) Upon the entry of an order directing that bankruptcy be proceeded with—

"(1) where the petition was filed under section 527 of this title, the bankruptcy proceeding shall be deemed reinstated and shall thereafter be conducted, so far as possible, as if the petition under this chapter [Chapter X] had not been filed; or where the petition was filed under section 528 of this title, the proceeding shall thereafter be conducted so far as possible, in the same manner and with like effect as if an involuntary petition for adjudication had been filed at the time when the petition under this chapter [Chapter X] was filed; *and a decree of adjudication had been entered at the time when the petition under this chapter was approved;* . . ." (Italics added.)

In the case of *Dabney* v. *Levy* (2d Cir. 1951) 191 F.2d 201, a petition for reorganization was filed under section 528—*i.e.,* when no bankruptcy proceeding was pending; the petition was duly approved. Referring to section 102, the court of appeal said that the "date of adjudication" in a Chapter X reorganization, is the date of approval of the petition. In *Costello* v. *Atlas Corporation* (N.D. Cal. 1967) 297 F.Supp. 19, the Northern California District Court reached a similar conclusion concerning the proper "date of adjudication", *i.e.,* that it should relate back to the time of the reorganization petition, rather than the date of a final determination of bankruptcy.

Appellants rely primarily on the case of *In re Ira Haupt & Co.* (2d Cir. 1968) 390 F.2d 251. That case, however, as appellants admitted in the trial court, is distinguishable. In that case, the federal proceedings were initiated by a petition in bankruptcy. Thereafter, pursuant to Chapter XI

---

[5] 11 U.S.C. section 638.

of the Bankruptcy Act,[6] a petition for an "arrangement" was filed. That petition was later withdrawn. The holding was that, under those circumstances, the case stood as though no Chapter XI proceeding had ever been involved. The court of appeal affirmed the district court ruling that "the 'date of adjudication' which started the running of the statute of limitations of Section 11e, was the date [the debtor] actually was adjudicated a bankrupt," (*In re Ira Haupt & Co., supra* (2d Cir. 1968) 390 F.2d 251, 254). In so holding, the court cited section 378(a)(2) of the Bankruptcy Act.[7] The court expressly distinguished cases such as the one at bench, in which the reorganization or arrangement petition initiated the federal proceeding.[8] Instead of supporting plaintiffs' position, *Ira Haupt* actually gives support to the position of defendants and of the trial court.

Nor do we think this rule contrary to reason. It need hardly be reiterated that the purpose of the statute of limitations is to prevent stale claims. To allow appellants to proceed under the reorganization provisions, with no attempt to collect debts owed to the corporation, and then allow them an additional two years following involuntary "adjudication" to bring suit on a claim reassigned to them by the trustee would be contrary to the purpose of the statute. Further, the purpose of section 11(e) is to allow the

---

[6]Chapter X of the Bankruptcy Act governs corporate reorganizations; Chapter XI governs "arrangements" for non-corporate debtors. So far as the issue before us on this appeal, the two chapters contain the same provisions: Section 378 of Chapter XI is the counterpart of section 328 of Chapter XI, and section 302 of Chapter XI is the counterpart of section 102 of Chapter X.

[7]11 U.S.C. section 778. This section provides, in relevant part: "(a) Upon the entry of an order directing that bankruptcy be proceeded with—

"(1) in the case of a petition filed under section 721 of this title, the bankruptcy proceeding shall be deemed reinstated and thereafter shall be conducted, so far as possible, as if such petition under this chapter had not been filed;

"(2) in the case of a petition filed under section 722 of this title, the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed; and the trustee nominated by creditors under this chapter shall be appointed by the court, or, if not so nominated or if the trustee so nominated fails to qualify within five days after notice to him of the entry of such order, a trustee shall be appointed by the court; . . ."

[8]"Under Chapter XI, two types of petitions for arrangement may be filed. If no proceeding is then pending under Chapters I-VII, the petition is filed under Section 322, 11 U.S.C. § 722 of the Act. But if a bankruptcy proceeding is pending, as in the present case, the petition for an arrangement is properly filed pursuant to Section 321, 11 U.S.C. § 721.

". . . . . . . . . . . . .

"An analysis of Section 378 indicates that it, rather than Section 302, is the controlling provision *after* the Chapter XI proceeding has been dismissed. . . . Whatever may be the situation as to original Chapter XI petitions under Section 322, Section 378(2) by its terms does not apply to a Chapter XI petition under Section 321 in a pending bankruptcy." (*In re Ira Haupt & Co.* (2d Cir. 1968) 390 F.2d 251, 255.) (Italics in original.)

trustee to review the assets of the bankrupt in order to protect both the assets of the bankrupt and, certainly, the rights of creditors. The assignment and suit in this case would, of course, serve neither purpose but, rather serve only the interests of the former owners of Krim.

Under the facts of this case, and applicable authority, the trial court correctly found that plaintiffs' action was barred and correctly sustained defendants' demurrer without leave to amend.

The judgment (order of dismissal) is affirmed.

Files, P. J., and Jefferson, J., concurred.